UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,** | Civ. No. 2:16-01053 (WJM) |
| **Plaintiff,** | |
| v. | |
| **JORDAN LYNCH,** | |
| **Defendant.** | |

| | |
|---|---|
| **ADP, LLC,** | Civ. No. 2:16-01111 (WJM) |
| **Plaintiff,** | **OPINION** |
| v. | |
| **JOHN HALPIN,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Defendants John Halpin and Jordan Lynch seek reconsideration of a June 30, 2016 order which (1) largely denied Defendants' motion to dismiss, or in the alternative, transfer venue; and (2) partially granted a motion for a preliminary injunction filed by Plaintiff ADP, LLC (hereinafter, "ADP"). For the reasons set forth below, Defendants' motion will be **DENIED**.

   **I.   BACKGROUND**

      The Court assumes familiarity with the facts and writes primarily for the benefit of the parties. Defendants are former employees of ADP, a company that provides "business

outsourcing and software services to clients, including human resources, payroll, tax and benefits administration services." During the course of their employment with ADP, Defendants allegedly entered into a number of employment agreements containing restrictive covenants. Specifically, Lynch entered into a "Sales Representative Agreement" containing a restrictive covenant, and both Defendants participated in ADP's 2008 Omnibus Award Plan (hereinafter, "the Plan"), which also included restrictive covenants. To receive an award under the Plan, participants were required to enter into restrictive covenants containing, among other things, non-disclosure, non-compete, and non-solicitation provisions. Generally, the restrictive covenants at issue prohibit Defendants from engaging in any of the following: (1) soliciting business from certain clients or prospective clients within one year of leaving ADP; (2) disclosing any confidential or proprietary information relating to ADP; and (3) using confidential information concerning the identity of current, former, or prospective clients. The restrictive covenants also contain jurisdictional clauses providing that this Court will have personal jurisdiction over the parties in a related dispute. For example, one such covenant provides that each Defendant "agree[s] and consent[s] to the personal jurisdiction and venue of the federal or state courts of New Jersey…."

Upon being offered a Plan award each year, ADP employees were directed to a set of "Grant Documents," which included a restrictive covenant. Pursuant to the restrictive covenant's terms, an ADP employee would agree to certain restrictions on his or her business activities in exchange for, among other things, his or her inclusion in the Plan. ADP employees – including Defendants – could accept an award under the Plan only after acknowledging that they read all of the Grant Documents. However, ADP employees could technically not view the restrictive covenant, but still check a box acknowledging that they read all Grant Documents.

Defendants each accepted awards under the Plan in the years 2011, 2012, 2013, 2014, and 2015. For each of those years, Defendants clicked a box acknowledging that they read the corresponding Grant Documents, including the restrictive covenants. Halpin left ADP in late 2015, while Lynch left ADP in early 2016. Shortly after they left ADP, both Defendants became employed by The Ultimate Software Group, Inc. ("USG"), a company that provides services substantially similar to those provided by ADP.

ADP then filed suit, alleging that Defendants violated the restrictive covenants by virtue of their employment with USG. Defendants then filed a motion to dismiss for lack of personal jurisdiction, arguing that the restrictive covenants – and by extension, their jurisdictional provisions – are not enforceable because there was no mutual assent between the parties. In other words, Defendants contended that they never affirmatively agreed to be bound by the restrictive covenants and the jurisdictional provisions contained therein. Alternatively, Defendants moved for the case to be transferred to a different venue. In addition to opposing the motion to dismiss, ADP moved for a preliminary injunction that

would enjoin Defendants from, among other things, working for USG and soliciting ADP clients.

On June 30, 2016, this Court issued an order that largely denied Defendants' motion to dismiss. Specifically, the Court concluded that it possessed personal jurisdiction over Defendants, except with respect to a nondisclosure agreement that Lynch allegedly signed in 2009. The Court also denied Defendants' motion to transfer venue. Finally, the Court partially granted ADP's motion for a preliminary injunction. In doing so, the Court noted that the restrictive covenants were likely enforceable, save for certain provisions that prohibited Defendants from soliciting prospective clients that they did not learn of through their past employment with ADP. Consequently, the Court enjoined Defendants from soliciting (1) any current ADP customer; and (2) any prospective ADP customers whose identity Defendants learned of while employed at ADP. The Court also enjoined Defendants from using ADP's confidential or proprietary information. However, the Court denied ADP's request to enjoin Defendants from working at USG altogether, reasoning that it would inappropriate to place such a severe restriction on Defendants' employment before the merits have been decided.

## II. DISCUSSION

Seeking reconsideration of the June 30, 2016 order, Defendants contend that the complaints should have been dismissed for lack of personal jurisdiction. Specifically, Defendants argue that the restrictive covenants – and the jurisdictional provisions contained within – are unenforceable. Defendants also seek reconsideration of the portion of the order that partially granted ADP's motion for a preliminary injunction. In addition to arguing that the injunction should be dissolved, Defendants argue that if they are to be enjoined, they should be enjoined only from soliciting clients that they had actually dealt with while at ADP. ADP has filed a brief in opposition to Defendants' motion for reconsideration.

A court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

### A. Enforceability of Clickwrap Agreements

First, Defendants seek reconsideration of the portion of the June 30, 2016 order that largely denied their motion to dismiss for lack of personal jurisdiction. However, by arguing that they did not affirmatively agree to restrictive covenants issued in connection with the Plan, Defendants impermissibly seek to re-litigate issues that were already

addressed in their initial motion to dismiss.  *See Boretsky v. Governor of New Jersey*, 433 Fed.Appx. 73, 78 (3d Cir. 2011) ("A motion for reconsideration cannot be used to relitigate old matters") (citations omitted); *see also Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (motions for reconsideration "are not to be used as an opportunity to relitigate the case.")  As this Court already held in the opinion accompanying its June 30, 2016 order, this case involves enforceable clickwrap agreements.  Specifically, before accepting their awards under the Plan, Defendants were required to affirmatively represent that they had read the corresponding restrictive covenants.  Assuming that Defendants' representations were truthful, they would have known that, in exchange for their participation in the Plan, they were agreeing to the restrictive covenants, as well as the jurisdictional provisions contained within.[1]  Simply put, the Court rests its conclusion on reasons already stated in its prior opinion.  Accordingly, it will decline to reconsider its prior decision that largely denied Defendants' motion to dismiss.

      B.    The Appropriateness of the Injunction

Having declined to reconsider its decision regarding the enforceability of the restrictive covenants, the Court will now focus on Defendants' challenge to the preliminary injunction.  In order to obtain the extraordinary remedy of a preliminary injunction, Plaintiffs must show (1) they are likely to succeed on the merits; (2) denial will cause them irreparable harm; (3) granting the injunction will not result in irreparable harm to Defendants; and (4) granting the injunction is in the public interest.  *Nutrasweet Co. v. Vit-Mar Enterprises*, 176 F.3d 151, 153 (3d Cir. 1999).  In this case, Defendants appear to argue that an injunction should not have been issued because the non-solicitation provisions contained within restrictive covenants are impermissibly broad and therefore unenforceable.  New Jersey law provides that a restrictive covenant will be enforceable only if it is reasonable.  *See Solari Industries, Inc. v. Malady*, 55 N.J. 571 (1970).  A restrictive covenant "will generally be found to be reasonable where it [1] simply protects the legitimate interests of the employer, [2] imposes no undue hardship on the employee, and [3] is not injurious to the public."  *Id*. at 576.

For reasons largely stated in its June 30, 2016 opinion, the Court concludes that reconsideration of the injunction is not warranted.  Courts in New Jersey have routinely enforced restrictive covenants prohibiting an individual from soliciting his or her former employer's customers within a given time period.  *See, e.g., Trico Equip., Inc. v. Manor*, Civ. No. 08-5561, 2009 WL 1687391, *7 (D.N.J. June 15, 2009) (enjoining defendants

---

[1] Moreover, for the same reasons stated in its prior opinion, the Court rejects Defendants' argument that there is an inconsistency between language contained in the restricted stock award agreements and the language found in the restrictive covenants issued in connection with those agreements.  To the contrary, the language is entirely consistent.  Under the terms of a restricted stock award agreements, Defendants were required to execute the restrictive covenant ("whether electronically or otherwise") in order for the corresponding stock award to be effective.  After acknowledging that they read the grant documents, Defendants inputted a benefit access password which, as expressly indicated by the web-portal, constituted their "electronic signature."  *See* Defs' Mot. to Dismiss, Ex. I.  Indeed, an exhibit attached to Defendants' reply brief in support of their motion to dismiss further advances ADP's position.  The exhibit is a screenshot of a restricted stock award notification explaining that if the ADP employee did not agree to the terms of the restricted stock agreement, the grant would expire.  *See* Defs.' Reply, Ex. E.

from interacting with their former employer's customers for a period of two years); *Pathfinder, L.L.C. v. Luck*, Civ. No. 04-1475, 2005 WL 1206848, *5 (D.N.J. May 20, 2005) (enforcing restrictive covenant that prohibited indirect employment with all active clients for a one-year period); *A.T. Hudson & Co. v. Donovan*, 216 N.J.Super. 426 (App. Div. 1987) (enforcing two-year non-solicitation provision that applied to all customers).

Finally, Defendants argue that the Court should modify the injunction. Specifically, they contend that they should be prohibited only from soliciting customers that they had direct contact with while at ADP. The Court will deny Defendants' request. First, Defendants never argued this alternative, middle ground position in their initial opposition to ADP's motion. *See, e.g., D'Argenzio v. Bank of America Corp.*, 877 F.Supp.2d 202, 210 (D.N.J. 2012) ("Motions for reconsideration are not an opportunity to argue what could have been, but was not, argued in the original set of moving of responsive papers"). Second, under New Jersey law, employers have a legitimate interest in protecting their customer base, and Defendants would infringe upon that interest if they were able to solicit ADP's customers, especially in light of the fact that ADP particularly relies on longstanding customer relationships in order to be successful. *See, e.g., Ingersoll-Rand Co. v. Ciavatta*, 110 N.J. 609, 629 (1988) (employer has legitimate interest in protecting its customer base); Trading *Partners Collaboration, LLC v. Kantor*, Civ. No. 09-0823, 2009 WL 1653130, *5 (D.N.J. June 9, 2009) (same); *A.T. Hudson & Co. v. Donovan*, 216 N.J.Super. at 434 (customer relations is a legitimate interest because employers expend a considerable amount of resources in attracting clients); *see also* Lynch Complt. at ¶ 7.[2] Consequently, the Court will deny Defendants' request to modify the injunction.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is **DENIED**. An appropriate order accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 8, 2016**

---

[2] Defendants cite *A.T. Hudson* in support of their position, notwithstanding the fact that the Appellate Division in that case did not narrow the restrictive covenant to customers with whom the former employees had a substantial business relationship. Instead, the court concluded that the non-solicitation clause – which applied to all current customers – was enforceable as written.