# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **JORDAN LYNCH,** <br><br> Defendant. | Civ. No. 2:16-01053 |
| **ADP, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **JOHN HALPIN,** <br><br> Defendant. | Civ. No. 2:16-01111 <br><br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff ADP, LLC brings this action against its former employees Jordan Lynch and John Halpin (collectively "Defendants"), alleging violations of restrictive covenants contained in their employment agreements. This matter comes before the Court on Defendants' motion to vacate the preliminary injunction issued by this Court on June 30, 2016, restricting Defendants from taking actions that would directly and irreparably harm

1

Plaintiff while litigation is pending. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **DENIED**. Plaintiff's request that the Court hold Defendants in contempt for allegedly violating the preliminary injunction order is also **DENIED**.

## I. BACKGROUND

Plaintiff is a Delaware company with its principal place of business in Roseland, New Jersey. It provides business outsourcing and software services, including human resources, payroll, tax and benefits administration services, to its clients. Op. 2, ECF No. 30. Halpin and Lynch are former employees of Plaintiff who voluntarily resigned from their positions on December 23, 2015, and January 4, 2016, respectively. Br. in Supp. of Defs.' Mot. to Vacate the Prelim. Inj. ("Defs.' Mot.") 1, ECF No. 71. The Court assumes the parties' familiarity with the facts and will summarize below only those facts relevant to the instant motion.[1]

On June 30, 2016, the Court issued an order (the "Order") and opinion (the "Opinion"), granting a preliminary injunction (the "Injunction") against Defendants. *See* Op. at 10–13; Order, ECF No. 31. The Injunction enjoined Defendants from using or disclosing any of Plaintiff's proprietary information, from soliciting Plaintiff's current clients, vendors, employees or partners, and from soliciting Plaintiff's prospective clients that Defendants gained knowledge of during the course of their employment. *See* Order at 2. Defendants were not enjoined from working at Plaintiff's competitor. *Id.*

In its Opinion, the Court determined that Plaintiff "required its employees to acknowledge reading all grant documents – including the Restrictive Covenants – before accepting [stock] awards under the Plan." Op. at 8. Notably, the Court expressly rejected Defendants' argument that the restrictive covenants were not enforceable because they were not forced to review them. *Id*. at 7. The Court found that a preliminary injunction was warranted because Plaintiff had shown a likelihood of success in showing that the restrictive covenants are enforceable. *Id*. at 11. The Court also concluded that Plaintiff would suffer irreparable harm by Defendants' solicitation of its clients and use of its proprietary information. *Id.* The Court did not enjoin Defendants from working for Plaintiff's competitor, however, because Defendants should "not be prohibited from earning a livelihood while this litigation is pending." *Id*. at 13. Defendants moved for reconsideration and were denied. *See* ECF Nos. 51, 52.

Defendants subsequently appealed the Order to the Third Circuit. *See* ECF No. 55. On February 7, 2017, the Third Circuit upheld the Order, finding that this Court's grant of the Injunction was reasonable. *See ADP, LLC v. Lynch*, No. 16-3617, 2017 WL 496089, at *2 (3d Cir. Feb. 7, 2017) (ECF No. 69-1 at 6) [hereinafter "App'l Op."].[2] It further found

---

[1] A more complete recitation can be found in the Court's June 30 opinion. *See* Op. at 2–4.
[2] The Court cites to the pagination from the copy of Third Circuit's opinion found on the docket at ECF No. 69-1.

that this Court "correctly concluded that Lynch and Halpin were likely bound by the terms of the noncompetes." *Id*. at 6. Notably, it also rejected as irrelevant Defendants' argument that they were not bound by the restrictive covenants because they did not read them. *See id*. at 5–6 (citing *Stelluti v. Casapenn Enters., LLC*, 1 A.3d 678, 690 (N.J. 2010) ("When a party enters into a signed, written contract, that party is presumed to understand and assent to its terms.")).

Defendants now move this Court to vacate the Injunction. Defendants argue that the restrictive covenants have expired because they were only supposed to last for twelve months from the date of Defendants' resignations. Thus, Halpin's covenant expired on December 23, 2016, and Lynch's covenant expired on January 4, 2017. Consequently, according to Defendants, Plaintiff "has no presently enforceable contract agreement." *See* Defs.' Mot. at 1. Plaintiff opposes, arguing that the covenants contain tolling provisions, which toll the twelve-month time period from running while litigation is pending. *See* Pl.'s Br. in Opp'n to Defs.' Mot. to Vacate ("Pl.'s Opp'n") 1, 5–7, ECF No. 79. Plaintiff further argues that the Court should hold Defendants in contempt because they continue to violate the covenants and the Injunction. *Id*. at 7–8. In their reply, Defendants raise for the first time that Plaintiff breached the covenant of good faith and fair dealing by failing to provide Defendants with notice of changes to their employment agreements, including the tolling provisions, and that the restrictive covenants are, therefore, unenforceable. *See* Br. in Reply to Pl.'s Opp'n ("Defs.' Reply") 12–15, ECF No. 81. Defendants further argue that Plaintiff has not provided unrefuted evidence that Defendants violated the Injunction and that a finding of contempt is unwarranted. *Id*. at 16–23.

## II.    LEGAL STANDARD

"[T]he generally applicable rule for modifying a previously issued judgment is that set forth in Rule 60(b)(5), i.e., that it is no longer equitable that the judgment should have prospective application." *Bldg. & Constr. Trades Council of Phila. & Vicinity, AFL-CIO v. Nat'l Labor Review Bd.*, 64 F.3d 880, 888 (3d Cir. 1995) (internal quotation omitted). "A court of equity cannot rely on a simple formula but must evaluate a number of potentially competing considerations to determine whether to modify or vacate an injunction by consent or otherwise." *Id*. "A Rule 60(b)(5) motion for relief from final judgments or orders no longer equitable requires that there be *a change in circumstances from the time of the order necessitating relief*." *Secs. & Exchange Comm'n v. Hatch*, 128 F.R.D. 58, 61 (D.N.J. 1989) (emphasis original). "The evidentiary burden on the movant is *extreme*." *Id*. (emphasis original).

## III.    DISCUSSION

Defendants essentially make the same argument against the enforceability of the tolling provisions as they did against the restrictive covenants as a whole in their previous motion to dismiss. *See* Op. at 7–8. As before, the Court is unpersuaded. The tolling provisions were included in the same documents that Defendants were forced to

3

acknowledge prior to accepting the stock awards, a fact which Defendants do not contest. Instead, Defendants argue that Plaintiff's conduct was unconscionable because it did not provide them with additional notice of a change in their employment agreements. *See* Defs.' Reply at 15. This Court and the Third Circuit expressly rejected this argument in holding that a preliminary injunction was warranted during the course of litigation. *See* App'l Op. at 5–6 ("It is thus irrelevant that Lynch and Halpin contend that they do not recall reading the documents."); Op. at 10. The Court rejects the argument again here with respect to the tolling provisions and finds them enforceable. *See Stelluti*, 1 A.3d at 690.

The restrictive covenants expressly state that "tolling shall include any time period during which litigation is pending," which is precisely where the parties find themselves now. Whether Plaintiff has received the full benefit of its bargain and the enforceability thereof is the very subject of this litigation, which has not yet concluded discovery or reached the summary judgment phase. The Court, therefore, will continue to impose the Injunction for the duration of the litigation.

Plaintiff asks this Court to hold Defendants in contempt for violating the Injunction. Both parties rely on certifications made by persons interested in the instant litigation to support the proposition that the facts favor their diametrically opposed positions. *See* ECF Nos. 71-1, 71-2, 79-1, 79-2, 81-1, 81-2. This can only mean one thing: the facts are entirely in dispute. Because Plaintiff has not shown clear and convincing evidence that Defendants have defied the injunctive order, the Court will decline to hold Defendants in civil contempt at present. *See Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994).

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion to vacate the Injunction is **DENIED**. The Court also **DENIES** Plaintiff's request to hold Defendants in civil contempt. An appropriate order follows.

                                                            */s/ William J. Martini*
                                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 24, 2017**