## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**JORDAN LYNCH,**<br><br>        **Defendant.** | Civ. No. 2:16-01053 |
| **ADP, LLC,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**JOHN HALPIN,**<br><br>       **Defendant.** | Civ. No. 2:16-01111<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff ADP, LLC brings this action against its former employees Jordan Lynch and John Halpin (collectively "Defendants"), alleging violations of restrictive covenants contained in their employment agreements. This matter comes before the Court on Defendants' motion for reconsideration (ECF No. 87) of the Court's Order and Opinion issued on April 24, 2017 (ECF Nos. 84, 85), denying Defendant's motion to vacate the preliminary injunction (ECF No. 71). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **DENIED**.

    **I.**    **BACKGROUND**

    The Court assumes the parties' familiarity with the facts and will summarize below only those facts relevant to the instant motion. On April 24, 2017, this Court denied

1

Defendants' motion to vacate the preliminary injunction (the "Injunction"), which the Court issued on June 30, 2016 (ECF No. 31), and which the Third Circuit affirmed on February 7, 2017 (ECF No. 69-1).  The Injunction enjoined Defendants from using or disclosing any of Plaintiff's proprietary information, from soliciting Plaintiff's current clients, vendors, employees or partners, and from soliciting Plaintiff's prospective clients that Defendants gained knowledge of during the course of their employment.  Defendants were not enjoined from working at Plaintiff's competitor.

In addressing Defendants' motion to vacate, the Court found that "Defendants essentially [made] the same argument against the enforceability of the tolling provisions as they did against the restrictive covenants as a whole in their previous motion to dismiss." *See* ECF No. 84 at 3.  The Court noted that it and the Third Circuit expressly rejected the argument that Plaintiff failed to notify Defendants of changes to their employment agreements and held that the restrictive covenants were enforceable.  *Id.* at 4.  The Court again rejected that argument in holding that the tolling provisions, also found in the restrictive covenants, were enforceable.  *Id.*

Defendants now move for reconsideration, arguing that the Court overlooked two conditions precedent to the tolling provisions.  *See* Defs.' Br. in Supp. of Mot. for Reconsideration ("Defs.' Mot.") 3–6, ECF No. 87-1.  Defendants further argue that manifest injustice will result if the Court's ruling stands because Defendants will be unable to effectively engage in their current employment for fear that they will unknowingly and unwittingly violate the Injunction.  *See id.* at 6–8.  Plaintiff opposes, arguing that Defendants failed to meet their high burden for reconsideration and that the Court correctly interpreted the tolling provisions.  *See* Pl.'s Br. in Opp'n to Defs.' Mot. ("Pl.'s Opp'n") 2–6, ECF No. 93.  Defendants timely filed a reply.  Defs.' Reply Br. to Pl.'s Br. in Opp'n ("Defs.' Reply"), ECF No. 94.

## II.   LEGAL STANDARD

Local Civil Rule 7.1(i) provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  "A motion for reconsideration is properly treated as a motion under Rule 59(e) . . . to alter or amend the judgment."  *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985).  "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"The word 'overlooked' is the operative term in [Rule 7.1(i)]."  *Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (citation omitted).  "Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration."  *Id.* (quotation and

citation omitted). "[S]uch motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Id.* (quotation and citation omitted).

Under the manifest injustice rationale, "reconsideration is proper if the contested holding . . . would create manifest injustice if not addressed." *See Valcom, Inc. v. Vellardita*, No. 2:13-cv-3025, 2014 WL 2965708, at *2 (D.N.J. July 1, 2014) (quotations and citation omitted). "Just what constitutes manifest injustice is not well defined by the Third Circuit, but courts in this district have noted that other circuits look to the Black's law definition: an error in the trial court that is direct, obvious, and observable." *Id.* (quotations and citations omitted). "[A] district court has considerable discretion to decide whether reconsideration is necessary to prevent manifest injustice." *Id.* (quotation and citation omitted).

### III. DISCUSSION

Defendants move under the clear error of law and manifest injustice rationales. First, Defendants argue that the Court made a clear error of law by overlooking two conditions precedent in the tolling provisions that must be satisfied before tolling is available. *See* Defs.' Mot. at 3. As a threshold matter, Defendants never expressly raised the existence of conditions precedent in their original moving or reply papers that they do now. Nevertheless, Defendants did argue in their original reply papers that the tolling provisions require a determination "by a court of competent jurisdiction that Defendants are in violation of the restrictive covenants." *See* ECF No. 81 at 21. They also argued that Plaintiff's evidence did not support a finding that they violated the Injunction. *Id.* The Court, therefore, will briefly address their arguments.

The contractual language in question reads as follows:

> The restricted time periods in paragraphs three (3) through six (6) shall be tolled during any time period that I am in violation of such covenants, as determined by a court of competent jurisdiction, so that ADP may realize the full benefit of the bargain. This tolling shall include any time period during which litigation is pending, but during which I have continued to violate such protective covenant and a court has declined to enjoin such conduct or I have failed to comply with any such injunction.

Defs.' Mot. at 1–2. According to Defendants, the first sentence contains a condition precedent that the Court must make a final determination that Defendants violated the covenants before tolling is available, something which this Court has not done. *See id.* at 3–4. On the contrary, in issuing the Injunction, the Court noted, "Defendants do not deny that they have breached the Agreements by becoming employed with [Plaintiff's competitor]." *See* ECF No. 30 at 10. Likewise, in affirming the Injunction, the Third Circuit noted, "It is undisputed that [Defendants] breached the noncompetes by joining [Plaintiff]'s direct competitor and working in sales in the same territories they covered at

3

[Plaintiff]." *See* ECF No. 69-1 at 5. Thus, "a court of competent jurisdiction" determined that Defendants violated the restrictive covenants. The Court easily rejects Defendants' first argument.

Defendants further argue that the second sentence contains a second condition precedent, which is that once a court issues an injunction, then Plaintiff must make an evidentiary showing that Defendants violated that injunction before tolling is available. *See id*. at 5–6. The Court does not so interpret the second sentence. The language of the first half of the sentence is plain: tolling *shall* include any time period during which litigation is pending. The language of the second half is more confusing, but it cannot reasonably be read to create more of a burden on Plaintiff to make additional and continued evidentiary showings beyond which it has already established—*i.e.*, a likelihood of success on the merits of its case.

Finally, there is no manifest injustice present here. The Court specifically tailored the Injunction to allow Defendants to continue working at Plaintiff's competitor without using Plaintiff's proprietary information. If Defendants truly fear violating the Injunction, they need only ask prospective clients whether Plaintiff currently engages them before further soliciting their business. The Injunction only enjoins Defendants from soliciting Plaintiff's prospective clients of which they were aware while employed by Plaintiff. Nothing in the Injunction restricts Defendants from competing against Plaintiff for prospective clients that they did not know about prior to leaving Plaintiff's employ. Accordingly, Defendants' motion is **DENIED**.

## IV.     CONCLUSION

For the reasons stated above, Defendants' motion for reconsideration is **DENIED**. An appropriate order follows.

>         */s/ William J. Martini*
>     **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 17, 2017**

4