# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JORDAN LYNCH, <br><br> Defendant. | Civ. No. 2:16-01053 |
| ADP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HALPIN, <br><br> Defendant. | Civ. No. 2:16-01111 <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff ADP, LLC brings this action against its former employees Jordan Lynch and John Halpin (collectively "Defendants"), alleging violations of restrictive covenants contained in their employment agreements. This matter comes before the Court on Defendants' motion to modify the preliminary injunction entered against Defendants. (ECF No. 112). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **DENIED**.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and will summarize below only those facts relevant to the instant motion. On June 30, 2016, this Court entered a preliminary injunction (the "Injunction") against Defendants, enjoining them

1

from soliciting Plaintiff's existing clients. The Injunction also restrained Defendants from soliciting Plaintiff's prospective clients, but only those prospective clients known to them while they were employed by Plaintiff. Order, ECF No. 31. The Court, however, allowed Defendants to continue working at Plaintiff's competitor and to solicit Plaintiff's prospective clients of whom they had no knowledge during their employment. *Id*. The Third Circuit affirmed the issuance of the Injunction on February 7, 2017, finding that the Court's grant of preliminary relief was reasonable. Op. 6, ECF No. 69-1. Shortly thereafter, Defendants moved to vacate the Injunction, arguing that the one-year period of the restrictive covenants had expired. Op. 3, ECF No. 84. The Court denied the motion, finding that Defendants' arguments mirrored those that this Court and the Third Circuit previously rejected and reiterating that the restrictive covenants were likely enforceable. *Id*. at 4. The Court also denied Defendants' request for reconsideration. Op., ECF No. 105.

Defendants now move to modify the Injunction, arguing that there has been a significant change in New Jersey law on restrictive covenants. *See* Br. in Supp. of Defs.' MOt. to Modify ("Defs.' Br.") 5–21, ECF No. 112. Specifically, Defendants submit that four recent decisions issued by the New Jersey Superior Court, Chancery Division, which address the very same restrictive covenants at issue here, establish that those covenants are overbroad under New Jersey law. *Id*. at 6–7. They also argue that collateral estoppel applies because Plaintiff fully litigated the same issue now before the Court and these four decisions determined that the restrictive covenants were unenforceable. *Id*. at 19–20. Defendants ultimately seek to modify the Injunction to enjoin them from soliciting Plaintiff's clients only within the same markets and geographic territories in which they worked under Plaintiff's employ. *Id*. at 6–8.

Plaintiff opposes, arguing that New Jersey Superior Court cases do not amount to a change in law justifying modification. Pl.'s Br. in Opp'n to Defs.' Mot. to Modify ("Pl.'s Opp'n") 2–5, ECF No. 113. Plaintiff also argues that the decisions upon which Defendants rely are inconsistent and wrongly decided. *Id*. at 10–18. Plaintiff further argues that collateral estoppel does not apply because the Court issued its order from which Defendants seek relief before the New Jersey courts' decisions. *Id*. at 18–19. Defendants filed a reply, mainly reiterating their previous points. *See* Defs.' Reply to Pl.'s Opp'n, ECF No. 114.

## II.     LEGAL STANDARD

"'When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place.'" *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 340 (3d Cir. 1993) (quoting *Sierra Club v. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984)). "In order to prevail on a motion to modify, the movant must establish a change in circumstances that would make the original preliminary injunction inequitable: 'The purpose of the motion to modify an injunction is to demonstrate that changed circumstances make the continuation of the

order inequitable. The motion does not force the trial judge to permit relitigation of his original determination of the injunction and should not serve as an avenue of untimely review of that determination.'" *Id.* (quoting *Merrell–Nat'l Lab., Inc. v. Zenith Lab., Inc.*, 579 F.2d 786, 791 (3d Cir. 1978)). "Modification becomes appropriate when the changed circumstances turn the decree into 'an instrument of wrong.'" *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). "[A]n intervening change in 'statutory or decisional law . . . to make legal what the decree was designed to prevent' or make impermissible 'one of the obligations placed upon the parties'" is one such circumstance that might warrant modification. *See Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 671 F. Supp. 2d 575, 597 (D.N.J. 2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384, 388 (1992)).

III. DISCUSSION

Plaintiff brings three New Jersey Superior Court cases to the fore, all involving Plaintiff's attempted enforcement of the very same restrictive covenants at issue here: *ADP, LLC v. Kusins*; *ADP, LLC v. Hopper*; and *ADP, LLC v. Karamitas*.[1] The critical difference between these opinions and the Court's lies in the analyses of the provision prohibiting the solicitation of Plaintiff's existing clients. This Court held that the covenants enjoined Defendants from soliciting all of Plaintiff's existing clients, regardless of Defendants' prior knowledge or geographic location. The other opinions, authored by Judges Kessler and Moore, decided that such a construction was overbroad and unenforceable.

In *Kusins*, Judge Kessler held that the covenants were "anticompetitive because [they] only restrict ADP's most successful sales representatives from competing in the same sales territory and from selling products to any customers or prospective customers." *See* Certification of J. Schmidt, Jr. ("Schmidt Cert."), Ex. 1 at 47, ECF No. 112-2.[2] Judge Kessler also found that the covenants were overbroad, in part, because they restricted the defendant from soliciting any of Plaintiff's existing clients throughout the world. *See id.* at 52–54. Notably, however, Judge Kessler found this Court's reasoning from its June 2016 opinion "instructive" in limiting the solicitation of prospective clients to only those known to Defendants while employed by Plaintiff. *See id.* at 34–35, 52–53. Ultimately, Judge Kessler limited the scope of that injunction by holding that the defendant was only enjoined from soliciting Plaintiff's existing clients known to him during his employment with Plaintiff, which contrasted with the Injunction here that restrained Defendants from soliciting *all* of Plaintiff's existing clients worldwide regardless of Defendants' knowledge. Additionally, in alignment with this

---

[1] Defendants also filed a transcript from a hearing held by Judge Kessler in *ADP, LLC v. DeMarco*, but the Court finds that the transcript does not reflect a final decision on the merits and it, therefore, does not amount to "decisional law" for the purposes of the instant motion.

[2] Unfortunately, the copy of Judge Kessler's opinion provided to the Court does not have page numbers. The Court, therefore, refers to the ECF pagination found at the top of the pages of the electronically filed document.

3

Court's Injunction, Judge Kessler enjoined the defendant from soliciting Plaintiff's prospective clients, but only those known to him during his employment. *See id*. at 76–77.

In *Hopper* and *Karamitas*, Judge Moore issued a bench decision where he similarly found the same provisions prohibiting the solicitation of Plaintiff's existing and prospective clients to be overbroad. Schmidt Cert., Ex. 2, Tr. 28:3–31:2. Specifically, Judge Moore found that these provisions must be limited to the geographic areas within which defendants worked: "The protectable interest that ADP seeks to enforce weakens as the geographic and market share area expands and employee knowledge of customers becomes very vague and not apparent to the Court." *See id*., Tr. 30:12–18.

With all due respect to Judges Kessler and Moore, the Court finds that their opinions do not equal "decisional law" that justifies the modification of the Injunction for several reasons. First, the Superior Court cases dealt with motions for summary judgement after the parties developed a complete factual record from which Judges Kessler and Moore could determine whether Plaintiff's position warranted *permanent* injunctive relief. There is no such factual record before this Court and it has only issued a *preliminary* injunction for the duration of litigation. The instant Injunction only serves to preserve the parties' positions prior to the commencement of litigation, which is separate from the purpose of permanent injunctive relief.

Second, all of the aforementioned cases are currently on appeal to the Appellate Division of the Superior Court.[3] Any modification of the Injunction made by this Court on the grounds of a change in New Jersey law is subject to reversal by an adverse decision from the Appellate Division. While the Court has not found a precedential definition of "decisional law," reason commands that such law must be final in some form. For example, if the Appellate Division decided in favor of Defendants' and the Supreme Court of New Jersey either agreed after its own review or denied a writ of *certiorari*, then this Court could reasonably rely on that decision in modifying the Injunction. At present, however, the Court cannot so reasonably rely.

Third, and most importantly, Defendants overlook the glaring fact that the Third Circuit upheld this Court's issuance of the Injunction upon direct review. In fact, Defendants similarly argued that the Injunction "was overbroad and not reasonably tailored under New Jersey law," to which the Third Circuit responded: "While perhaps a *permanent* injunction should be narrower, the District Court's grant of *preliminary* injunctive relief was reasonable."[4] *ADP, LLC v. Lynch*, 678 F. App'x 77, 80 (3d Cir.

---

[3] The Court assumes that these appeals are still pending due to the absence of a notice of supplemental authority filed by either party on the docket.

[4] While the Circuit Court noted that the Injunction would last only for one year, the issue of the tolling provisions was not before the court at that time. On April 24, 2017, this Court held that the tolling provisions contained in the same "clickwrap" agreements as the restrictive covenants were equally enforceable. Consequently, the running of the one-year limit of the covenants is tolled until the completion of litigation.

2017). This Court will not modify an order based on non-binding judicial opinions where that same order was expressly upheld by the binding opinion of the Third Circuit.

Finally, Defendants' assertion of collateral estoppel is meritless. Collateral estoppel is an affirmative defense that must be raised in a party's pleadings. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Foundation*, 402 U.S. 313, 350 (1971) (citing Fed. R. Civ. P. 8(c)); *see also N.J.-Phila. Presbytery of the Bible Presbyterian Church v. N.J. State Bd. of Higher Educ.*, 654 F.2d 868, 876 (3d Cir. 1981). Defendants did not raise collateral estoppel as an affirmative defense in their answer to Plaintiff's complaint because they could not: the issues have been litigated contemporaneously. Answer 7, ECF No. 44. The Court issued the Injunction on June 30, 2016. Judges Kessler and Moore issued their decisions in June 2017. Plaintiff cannot be estopped from pursuing the enforcement of an order issued in this Court almost one year prior to decisions made during contemporaneous litigations. Accordingly, Defendants' motion to modify the Injunction is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to modify the Injunction is **DENIED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 26, 2017**