# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP, LLC,<br><br>        **Plaintiff,**<br><br>v.<br><br>JORDAN LYNCH,<br><br>        **Defendant.** | Civ. No. 2:16-01053 |
| ADP, LLC,<br><br>        **Plaintiff,**<br><br>v.<br><br>JOHN HALPIN,<br><br>        **Defendant.** | Civ. No. 2:16-01111<br><br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff ADP, LLC brings this action against its former employees Jordan Lynch and John Halpin (collectively "Defendants"), alleging violations of restrictive covenants contained in their employment agreements. This matter comes before the Court on Plaintiff's motion for sanctions against Defendant Halpin for violating the Court's June 2016 order enjoining Defendants from soliciting Plaintiff's clients during the course of litigation. (ECF No. 120). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

    **I.**    **BACKGROUND**

    The Court assumes the parties' familiarity with the facts and will summarize below only those facts relevant to the instant motion. On June 30, 2016, this Court entered a

1

preliminary injunction (the "Injunction") against Defendants, enjoining them from soliciting Plaintiff's existing clients. The Injunction also restrained Defendants from soliciting Plaintiff's prospective clients, but only those prospective clients known to them while they were employed by Plaintiff. ECF No. 31. The Court, however, allowed Defendants to continue working at Plaintiff's competitor, Ultimate Software Group ("Ultimate"), and to solicit Plaintiff's prospective clients of whom they had no knowledge during their employment. *Id*. The Third Circuit affirmed the issuance of the Injunction on February 7, 2017, finding that the Court's grant of preliminary relief was reasonable. Op. 6, ECF No. 69-1. Thereafter, Defendants moved on three occasions to vacate or modify the Injunction, which the Court denied each time. *See* ECF Nos. 71, 84, 87, 105, 112, 121. During this time, the parties engaged in discovery, which remains ongoing.

Plaintiff now moves the Court to impose sanctions against Defendant Halpin for violating the Injunction. Pl.'s Br. in Supp. of Mot. for Sanctions ("Pl.'s Br."), ECF No. 120-2. Plaintiff submits that Halpin admitted to soliciting eight of Plaintiff's clients after the Court's issuance of the Injunction. Halpin allegedly made these admissions during his deposition, which occurred on January 12, 2018. *Id*. at 2–3. Plaintiff claims that Halpin knew that the eight companies at issue were Plaintiff's clients and he solicited them anyway, in direct violation of the Injunction. *Id*. at 3–5. Plaintiff argues that it "now has clear and convincing evidence of Halpin's repeated breaches of the [Injunction], and ask that the Court to [*sic*] sanction Halpin appropriately, in [an] [*sic*] amount that will deter future violations." *Id*. at 2.

Halpin opposes, arguing that Plaintiff has failed to prove civil contempt against him by clear and convincing evidence. *See* Def.'s Br. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n") 8, ECF No. 124. Halpin contends that he had no involvement with or knowledge of any of the eight companies during his employment with Plaintiff. *See id*. at 8–9, 11–13. Once he learned that certain companies were Plaintiff's clients, Halpin submits that he transitioned his sales efforts to other Ultimate employees or otherwise ceased further contact. *See id*. at 9–14. Halpin also claims that he never learned at any point that some of the companies were using Plaintiff's services. *See id*. at 13. Nonetheless, on at least one occasion, Halpin admits that an Ultimate inside sales representative told him that one of the named companies was Plaintiff's client but Halpin proceeded to meet with that company anyway. *See id*. at 10. Importantly, Halpin does not deny that he solicited all of the named companies at some point after the Court's issuance of the Injunction.

In its reply brief, Plaintiff responds that Halpin failed to offer the same "transitioning" explanation when confronted with his conduct during his deposition. *See* Pl.'s Reply in Further Supp. of Mot. for Sanctions ("Pl.'s Reply") 2, ECF No. 131. Plaintiff further argues that whether Halpin had contact with the named companies while employed by Plaintiff is irrelevant to his compliance with the Injunction; instead, the "determining factor is that Halpin knew he was soliciting [Plaintiff's] clients." *See id*. at 3. Plaintiff submits that Halpin's deposition testimony as well as documents produced during

discovery show that he knowingly solicited Plaintiff's clients in direct violation of the Injunction. *See id* at 4–7.

## II. LEGAL STANDARD

"Sanctions for civil contempt serve two purposes: 'to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.'" *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (quoting *McDonald's Corp. v. Victory Invs.*, 727 F.2d 82, 87 (3d Cir. 1984)). "Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of the complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). "But where the purpose is to make the defendant comply, the court's discretion is otherwise exercised." *Id*. "It must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id*.

"To establish that a party is liable for civil contempt, three elements must be proven: '(1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order.'" *Berne Corp. v. Gov't of The Virgin Islands*, 570 F.3d 130, 139 (3d Cir. 2009) (quoting *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995)). The moving party must prove these elements by clear and convincing evidence. *See Woods*, 28 F.3d at 399.

## III. DISCUSSION

Plaintiff does not seek compensatory sanctions; instead, Plaintiff seeks to compel Halpin's compliance with the Injunction. *See* Pl.'s Br. at 2. The first two elements are obviously satisfied here: a valid order exists and Halpin admits to knowing of its existence. *See* Certification of H. Freier ("Freier Cert."), Ex. 1, Halpin Dep. 165:15–166:16, ECF No. 120-1 [hereinafter "Halpin Dep."]. The Court notes that it previously denied Plaintiff's request for sanctions because it found that Plaintiff did not have clear and convincing evidence of Halpin's violative conduct. *See* Op. 4, ECF No. 84. At that time, Plaintiff relied entirely on its own certification as its evidence, which the Court found failed to meet the clear and convincing standard. Plaintiff now provides Halpin's deposition testimony and documents produced during discovery, citing multiple instances where he admits to soliciting Plaintiff's clients after the imposition of the Injunction. *See* Pl.'s Br. at 2–5.

Halpin's main defense is that once he learned of certain companies' involvement with Plaintiff, he then transitioned his efforts to other Ultimate employees—*i.e.*, Halpin did not willfully violate the Injunction and made a good faith effort to comply. *See* Def.'s Opp'n at 8, 14. Halpin cites to *Woods* in support of his contention that "substantial compliance" is a defense to civil contempt. *Id*. at 8. The *Woods* court did not so hold; it merely identified that some other out-of-circuit courts have recognized the "substantial

compliance" defense. *See Woods*, 28 F.3d at 399 (noting the 9th Circuit's acceptance of substantial compliance as a defense to contempt). In fact, the *Woods* court expressly stated that "good faith is not a defense to civil contempt" and that "willfulness is not a necessary element of contempt." *Id.* (quotation and citations omitted). Halpin's main defense, therefore, fails.

The only relevant question is whether Halpin solicited any of Plaintiff's clients after the Court's issuance of the Injunction on June 30, 2016. The Court need look no further than Halpin's own admissions to determine that he most certainly did. *See* Halpin Dep. 164:1–167:8 (admitting conversations and meetings with the company Plasan Carbon, some of which occurred in August 2016); 203:11–204:9 (admitting a conversation with the company Work Skills in early 2017); 205:2–206:4 (referencing an internal email from January 2017 in connection with admission of a conversation with the company Barfly Ventures). Emails produced during discovery also show Halpin communicating directly with employees from the companies Padnos, Shinola and Asahi Kasei Plastics after the issuance of the Injunction. *See* Freier Cert., Exs. 2–4.

Consequently, the Court finds Halpin guilty of civil contempt for violating the Injunction. Accordingly, Plaintiff's motion for sanctions is **GRANTED**. While willfulness is not an element of contempt, the Court finds it to be an aggravating factor here. Halpin knowingly violated the Injunction on more than one occasion where he solicited companies that he knew to be Plaintiff's clients. *See, e.g.*, Halpin Dep. 164:1–167:8 (admitting knowledge that Plasan Carbon was Plaintiff's client), 152:25–153:14 (admitting knowledge that Padnos was Plaintiff's client); Freier Cert., Ex. 2 (detailed email exchange between Halpin and employee of Padnos in February 2017). For this reason, the Court imposes a fine against Defendant Halpin in the amount of $1,000.00. The Court will further impose an additional fine of $1,000.00 against Defendant Halpin for every future violation of the Injunction until the end of litigation. The Court also holds Defendant Halpin liable for Plaintiff's legal fees arising out of the filing of the instant motion, an accounting of which Plaintiff must submit to the Court no later than fourteen (14) days from the issuance of the accompanying order.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 17, 2017**