## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**JORDAN LYNCH,**<br><br>　　　　　　**Defendant.** | Civ. No. 2:16-01053 |
| **ADP, LLC,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**JOHN HALPIN,**<br><br>　　　　　　**Defendant.** | Civ. No. 2:16-01111<br><br>**OPINION** |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

　　Plaintiff ADP, LLC brings this action against its former employees Jordan Lynch and John Halpin (collectively "Defendants"), alleging violations of restrictive covenants contained in their employment agreements. This matter comes before the Court on Plaintiff's application for attorneys' fees in connection with the Court's order issued on April 17, 2018, holding Defendant Halpin in contempt for violating the Court's preliminary injunction that restrained him from soliciting Plaintiff's clients. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's application is **GRANTED in part** and **DENIED in part**.

1

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and will summarize below only those facts relevant to the instant filing. On June 30, 2016, this Court entered a preliminary injunction (the "Injunction") against Defendants, enjoining them from soliciting Plaintiff's existing clients. The Injunction also restrained Defendants from soliciting Plaintiff's prospective clients, but only those prospective clients known to them while they were employed by Plaintiff. ECF No. 31. On April 17, 2018, the Court found Defendant Halpin guilty of civil contempt for violating the Injunction by soliciting Plaintiff's clients. ECF No. 133. The Court imposed a fine of $1,000.00 against Defendant and further held him liable for the attorneys' fees incurred through the litigation of Plaintiff's motion for sanctions. *Id*. The Court further ordered Plaintiff's counsel to file an accounting of attorneys' fees for services rendered in association with that motion. *Id*.

On May 1, 2018, Plaintiff's counsel filed an application for attorneys' fees. ECF No. 135. Genova Burns LLC, serving as local counsel for Plaintiff, seeks fees and costs totaling $1,437.33. *See* Certification of H. Freier ("Freier Cert.") ¶ 17, ECF No. 135-1. These fees arise out of time spent by Mr. Freier and his associate, Christopher Kurek, which involved communications with client and co-counsel, and reviewing and revising the briefing papers. *See id*., Exs. A, B. McDonald Hopkins, PLC, serving as Plaintiff's primary counsel, seeks fees totaling $13,338.50. *See* Certification of T. Lowe ("Lowe Cert.") ¶ 10, ECF No. 135-3. These fees arise out of time spent by Mr. Lowe, his firm partner James Boutrous, his associate Jacob Radecki, and a fourth attorney James Giszczak.[1] *See id*., Exs. A. The attorney services rendered included drafting, reviewing and revising the motion papers, reviewing deposition transcripts, communicating with the client and co-counsel, and internal legal strategizing and discussion. *Id*.

Defendant objects to a portion of these fees, arguing that "there appears to be an excessive number of attorneys involved and time spent in the preparation of this motion." *See* Letter from J. Schmidt ("Def.'s Opp'n") 1, May 10, 2018, ECF No. 136. Defendant claims that this straightforward motion for sanctions should not have required extensive attention from six different attorneys; instead, the motion required only the work of one associate and one partner. *See id*. at 4. Defendant does not object to the hourly rates charged by any of the attorneys or the billing time and tasks of Mr. Freier. *See id*. at 1, 3.

Plaintiff responds, arguing that Defendant's objections are impermissible because the Court did not specifically authorize Defendant an opportunity to contest the attorneys' fees in its order holding Defendant in contempt. *See* Letter from H. Freier 2, May 15, 2018, ECF No. 137. Defendant dismisses this argument, claiming that any application for attorneys' fees is considered as a motion under the Local Rules for the District of New

---

[1] Mr. Giszczak's status is unclear because Mr. Lowe does not mention him in his attorney certification.

Jersey, to which the opposing party has a right to contest.  *See* Letter from J. Schmidt 1, May 15, 2018, ECF No. 138.

## II. LEGAL STANDARD

"[A]ttorneys seeking fees must document the hours for which payment is sought with sufficient specificity to allow the District Court to determine whether the hours claimed are unreasonable for the work performed." *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quotation and citation omitted).  "Once these records [are] submitted, the District Court [is] required to perform a positive and affirmative function in the fee fixing process." *See id.* (quotation and citation omitted).  "A District Court is obligated to review the time charged, decide whether hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *See id.* at 362 (quotation and citation omitted).  The District Court "retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." *See Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).  "In determining whether the fee request is excessive . . ., the [C]ourt will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *See id.*

## III. DISCUSSION

As a preliminary matter, Local Civil Rule 54.2 for the District of New Jersey provides, in pertinent part, "In *all actions* in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file within 30 days of the entry of judgment or order . . . *a motion* for fees and expenses in accordance with L. Civ. R. 7.1." *See* L. Civ. R. 54.2(a) (emphasis added).  Local Rule 7.1 governs motion practice in this Court and naturally provides an adverse party an opportunity to oppose a movant's motion.  *See* L. Civ. R. 7.1(d).  Plaintiff's argument that Defendant's objections are impermissible because the Court did not expressly authorize them in its order is, therefore, meritless.  All court filings requesting attorney fees, regardless of label, are construed as motions under Local Rule 7.1 and subject to opposition.

As noted above, it is this Court's duty to assess the reasonableness of Plaintiff's fee request considering the Court's experience in this case and its general experience.  The Court agrees with Defendant that Plaintiff's sanctions motion was straightforward and did not require a great deal of complicated legal reasoning and analysis.  The initial moving brief totaled a little over seven pages and the reply brief totaled eight.  The task of drafting and revising should have fallen to one or two lawyers, not six.

After careful review of the attorney certifications, it appears that Mr. Radecki performed the bulk of the initial drafting and was primarily overseen by Mr. Lowe.  It further appears that Mr. Boutros communicated with the client and subsequently

strategized with Mr. Lowe.  The Court finds that these tasks were reasonable in producing Plaintiff's motion for sanctions and it grants the fees associated thereto.

In addition to the extensive time spent by Mr. Lowe revising, however, it also appears that Mr. Boutros spent significant time doing the same.  *See* Lowe Cert., Ex. A (Boutros time entries dated Feb. 21-22 and Mar. 11-12, 2018).  Further still, another lawyer, Mr. Giszczak, also spent considerable time working on Plaintiff's reply brief.  *See id*. (Giszczak time entries dated Mar. 1 & 7, 2018).  It is entirely unclear from Mr. Lowe's certification what Mr. Giszczak's role was and why his services were necessary.  As stated above, the sanctions motion was not complicated and certainly did not require the extensive time and attention from three separate partners at McDonald Hopkins.[2]  The Court, therefore, strikes the fees associated to time spent by Mr. Boutros reviewing and revising the moving papers and all of Mr. Giszczak's fees.  Accordingly, Defendant shall pay McDonald Hopkins **$10,842.50**.

Defendant does not object to Mr. Freier's fees and the Court grants them.  Mr. Kurek also spent approximately three hours reviewing and revising the sanctions motion.  It is reasonable for local counsel to spend some time reviewing the briefing papers that are to be filed under his or her name.  Accordingly, the Court also grants Mr. Kurek's fees and Defendant shall pay Genova Burns **$1,437.33**.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's application for attorneys' fees is **GRANTED in part** and **DENIED in part**.  An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 25, 2018**

---

[2] The Court assumes that Mssrs. Boutros and Giszczak are members of McDonald Hopkins based on their billing rates.