## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,** | Civ. No. 2:16-01053 |
| **Plaintiff,** | |
| **v.** | |
| **JORDAN LYNCH,** | |
| **Defendant.** | |

| | |
|---|---|
| **ADP, LLC,** | Civ. No. 2:16-01111 |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **JOHN HALPIN,** | |
| **Defendant.** | |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

Plaintiff ADP, LLC ("Plaintiff" or "ADP") brings this action against its former employees Jordan Lynch and John Halpin (collectively "Defendants"), alleging violations of restrictive covenants contained in their employment agreements. This matter comes

before the Court upon four motions for summary judgment. ECF Nos. [148], [149], [150], & [151] ("the Summary Judgment Motions"). Also before the Court is Plaintiff ADP's letter filed February 1, 2019 in "supplemental support" of its motion for summary judgment against Defendant Halpin alleging a violation of the Court's preliminary injunction order after Halpin communicated with an ADP client on October 18, 2018. ECF No. [162]. Defendant Halpin in response acknowledges the communication but asks the Court to "void the preliminary injunction." ECF No. [163].

For the reasons set forth below, the Court **STAYS** the Summary Judgment Motions pending disposition of two consolidated and related cases fully briefed and argued before the Third Circuit. Defendants' request to lift the preliminary injunction is **DENIED WITHOUT PREJUDICE** and ADP's request to provide supplemental briefing as to the preliminary injunction is **GRANTED IN PART**. Accordingly, ADP shall **SHOW CAUSE** why the preliminary injunction should not be lifted as specified in the accompanying order.

## I.    THE MOTIONS FOR SUMMARY JUDGMENT

The Court assumes the parties' familiarity with the facts and will summarize below only those facts relevant to the instant motions. Halpin and Lynch are former sales employees of Plaintiff who voluntarily resigned from their positions on December 23, 2015, and January 4, 2016, respectively. During their employment Halpin and Lynch each entered into an initial Sales Representative Agreement ("SRA") and several Restrictive Covenant Agreements ("RCAs"). These agreements contained non-compete, non-solicitation, non-use, and non-disclosure provisions. The alleged breach of these agreements is the subject of these lawsuits.

As the parties have informed the Court, currently pending in federal and state court in this state are at least thirteen cases in various procedural postures challenging the enforceability of the SRAs and RCAs. This includes six cases on appeal. Particularly relevant to the pending motions are three appeals before the Third Circuit: consolidated appeals in *ADP, LLC v. Rafferty* (Case No. 18-1796) and *ADP, LLC v. Mork* (Case No. 18-2603), and a third appeal in *ADP, LLC v. Trueira* (Case No. 18-2803). The appeal in *Trueira* is stayed pending the outcome of the *Rafferty/Mork* appeal.

The *Rafferty/Mork* appeal seeks review of, *inter alia*, "[t]he enforceability of the restrictive covenant agreements . . . ." *See ADP, LLC v. Rafferty* (Case No. 18-1796, Concise Summary of the Case, Doc. 003112904133 at 2).[1] On appeal, ADP formulated the issue presented in *Rafferty* as follows:

---

[1] The appeal in *Mork* phrases the issue raised on appeal as "[t]he enforceability of the RCAs." *ADP, LLC v. Mork* (Case No. 18-2603, Concise Summary of the Case, Doc. 003112989330 at 2).

> [W]hether the district court erred in failing to find a likelihood of success on the merits of ADP's claims under is Restrictive Covenant Agreements and failing to enter a preliminary injunction with respect to it, when (a) the same district court in 2015 in *ADP, LLC v. Jacobs* found a likelihood of success on the merits on similar claims under ADP's same Restrictive Covenant Agreements and granted a preliminary injunction in favor of ADP, and (b) where another district court in 2016 in *ADP, LLC v. Lynch* and *ADP, LLC v. Halpin*, relying in part on *Jacobs*, also found a likelihood of success on the merits on similar claims under ADP's same Restrictive Covenant Agreements and also granted a preliminary injunction in favor of ADP, which decision was affirmed by this Court in 2017.

*See ADP, LLC v. Rafferty* (Case No. 18-1796, Doc. 003112942253 at 12).[2] On September 6, 2018, the parties presented oral argument on the enforceability of the SRAs and RCAs under New Jersey law, including whether the agreements as written categorically violate New Jersey law or whether a fact specific-inquiry with "blue-pencilling" is required to determine the agreements' enforceability for each ADP sales representative who signed RCAs.[3]

The parties now request the Court to decide nearly identical questions in the Summary Judgment Motions. While the Court notes the fact-specific nature of ADP's claims against Halpin and Lynch and the procedural posture of the *Rafferty/Mork* appeal, the legal questions under consideration by the Third Circuit significantly overlap those now ripe in the motions. It is well-established in this Circuit that a district court maintains "broad power to stay proceedings" before it. *Bechtel Corp., v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). The Third Circuit has explained that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the

---

[2] The question on appeal in *Mork* is similarly phrased, but also references the district court's decision in *Rafferty*. *See ADP, LLC v. Mork* (Case No. 18-2603, App. Br., Doc. 003113000460 at 8).

[3] The Court takes judicial notice of the recording of the oral argument available on the Third Circuit's website. *See* Oral Argument Recordings, *available at* at https://www2.ca3.uscourts.gov/oralargument/audio/18-1796ADPLLCvRafferty.mp3.

outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel*, 544 F.2d at 1215.

Here, the Court finds that a stay is warranted. The unique inquiry at the preliminary injunction stage requires the district court—and, subject to the standard of review, the Third Circuit—to weigh the likelihood of success on the merits of Plaintiff's claims.[4] Because further guidance from the Third Circuit may substantially affect the ultimate decision in these cases, the Court finds that a brief stay of the Summary Judgment Motions pending the outcome of the *Rafferty/Mork* appeal is appropriate.

## II.    THE CONTINUING INJUNCTION

Although the Court has determined that a stay of the motions for summary judgment is required here, this decision does not alter the preliminary injunction entered by this Court on June 30, 2016. While the Summary Judgment Motions were pending, ADP informed the Court that it believed that Defendant Halpin had again violated the preliminary injunction. ECF Nos. [162] & [164]. In response, Defendant Halpin concedes that he communicated with an ADP client, but asks the Court to lift the preliminary injunction because over three years have passed since Halpin left ADP. ECF No. [163]. Halpin does not appear to argue that the conduct identified by ADP did not violate the injunction.

As this Court has previously held, to determine whether a violation occurred, "[t]he only relevant question is whether Halpin solicited any of Plaintiff's clients after the Court's issuance of the Injunction on June 30, 2016." ECF No. [132]. Here, ADP has supplied a copy of a LinkedIn communication between Halpin and an ADP client, United Methodist Retirement Communities, and counsel for Defendant Halpin acknowledges Halpin sent the communication. ECF No. [163]. Halpin's continued disregard for this Court's preliminary injunction order need not go unchecked. ADP may, should it choose, move once again for sanctions against Defendant Halpin.

However, the Court is cognizant that, three years after their departure, Halpin and Lynch remain subject to restrictive covenants that are contractually limited to one year, subject to tolling. Accordingly, ADP shall **SHOW CAUSE** on the narrow questions of whether the tolling provision as applied in this case continues to comply New Jersey law and whether the one-year restrictive covenant has expired as to either Defendant. The parties shall adhere to the briefing and hearing schedule set for in the accompanying order.

---

[4] The Court notes that in this district, The Honorable Esther Salas has stayed a related matter, *ADP, LLC v. Prossen* (Case No. 15-cv-06309), pending the outcome of these consolidated appeals.

### III.    CONCLUSION

For the reasons stated above, the Motions for Summary Judgment are **STAYED**. Defendants' request to lift the preliminary injunction is **DENIED WITHOUT PREJUDICE**.    ADP's request to provide supplemental briefing is **GRANTED IN PART** and ADP shall **SHOW CAUSE** why the preliminary injunction should not be lifted.  An appropriate order follows.


*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**


**Dated: March 12, 2019**