# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**JORDAN LYNCH,**<br><br>   **Defendant.** | Civ. No. 2:16-01053 |
| **ADP, LLC,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**JOHN HALPIN,**<br><br>   **Defendant.** | Civ. No. 2:16-01111<br><br>**OPINION** |

  **THIS MATTER** comes before the Court upon an order requiring Plaintiff ADP, LLC ("ADP") to show cause why the Court should not lift a preliminary injunction enjoining former ADP salesmen, Defendants Jordan Lynch and John Halpin ("Defendants"), from engaging in certain conduct pursuant to several restrictive covenants found in their employment agreements with ADP. The Court entered the preliminary injunction on June 30, 2016, ECF No. [31], and previously denied requests by Defendants to lift the injunction over its nearly three-year tenure. *See* ECF No. [166], [122], [106]. [85], [52]. Now, with the cases stayed pending direction in related matters currently before the Third Circuit, the Court revisits the preliminary injunction. *See* ECF No. [165].

Also before the Court is ADP's motion for sanctions, ECF No. [171], filed on March 25, 2019, alleging violations of the preliminary injunction by Defendant Halpin. For the reasons set forth below, the Court **LIFTS** the preliminary injunction as to both Defendant Lynch and Defendant Halpin and **DENIES** the motion for sanctions.

I. PROCEDURAL HISTORY

The Court assumes the parties' familiarity with this case and writes only for their benefit. On March 13, 2019, this Court entered an order staying four motions for summary judgment, ECF Nos. [148], [149], [150], & [151], pending decision in two related cases which are fully briefed and argued before the Third Circuit, *ADP, LLC v. Rafferty* (Case No. 18-1796) and *ADP, LLC v. Mork* (Case No. 18-2603). In that Order, the Court also requested briefing on two specific issues in these consolidated cases related to the ongoing preliminary injunction:

1. Whether the tolling provision as applied in this case continues to comply New Jersey law; and

2. Whether the one-year restrictive covenant has expired as to either Defendant.

ADP submitted a brief in support of continuing the preliminary injunction, ECF No. [168], and Defendants submitted briefs in opposition, ECF Nos. [169] and [170]. On March 25, 2019, ADP moved for sanctions against Defendant Halpin based on an alleged violation of the preliminary injunction on October 18, 2018. ECF No. [171]. The Court heard oral argument on the order to show cause on March 28, 2019 and stayed briefing on the sanctions motion pending this opinion and its accompanying order.

II. ARGUMENTS OF THE PARTIES

ADP concedes that the preliminary injunction should be lifted against Defendant Lynch. ECF No. [168] at 1. As to Defendant Halpin, ADP argues that the preliminary injunction should continue because ADP has not received the "full benefit of the terms Halpin agreed to when he accepted awards of restricted stock" and that it has not yet received "full 12-month compliance by Halpin." *Id.* at 1-2.

In addressing the first question posed by the Court, ADP argues both in its brief and at oral argument that tolling provisions are enforceable under New Jersey state law during that time which Defendants are in violation of the restrictive covenants. ADP points the Court to two cases where courts ordered a one- or two-year restrictive covenant period to begin running after summary judgment where the defendant had continuously violated those covenants during the pendency of the litigation. *See* ECF No. [168] at 3-5 (citing *ADP, LLC v. Manchir*, No. M201602541COAR3CV, 2017 WL 5185458, at *8 (Tenn. Ct. App. Nov. 8, 2017) (where defendant had never complied with the restrictive covenants

for the one-year period and no order enjoining violation was ever sought, finding that "requiring Manchir to adhere to the [a]greement for its prescribed duration . . . is a reasonable remedy"); *Jackson Hewitt Inc. v. Childress*, No. CIVA 06-CV-0909 DMC, 2008 WL 834386, at *10 (D.N.J. Mar. 27, 2008) (finding plaintiff "is entitled to injunctive relief for a period of twenty-four months beginning from the date of [d]efendant's compliance with the covenant not to compete").

As to the second question, ADP makes two arguments—without citing to any authority—that the one-year restrictive covenant has not expired as to Halpin. First, it argues that "Halpin has continued his employment with ADP competitor [Ultimate], in a territory that includes his former ADP territory . . . .", which ADP argues violates the preliminary injunction and/or the restrictive covenants.

Second, ADP argues that Halpin has continued to violate the injunction by soliciting ADP clients. In support, ADP points to a communication between Halpin and an ADP client on October 18, 2018. ADP concedes that it has no evidence of any violations between June 2017 and October 2018, but argues that there could have been violations during that time which would preclude expiration of the one-year restrictive covenant.

Halpin and Lynch filed individual briefs in response. ECF Nos. [169], [170]. Defendants argue that enforcing the one-year restrictive covenants more than three years since Defendants left ADP in December 2015 has given ADP "more than it bargained for" under the restrictive covenants. *See* ECF No. [170] at 2. Although not responsive to the precise questions posed by the Court, Defendants also argue that the preliminary injunction generally does not comport with New Jersey law and note the split of authority in this District and in New Jersey state courts related to the enforceability of the restrictive covenants. Finally, Defendants argue that law in this district does not generally support equitable tolling of the restrictive covenants given their disfavor, and that courts toll such provisions only where the violation was continuous during the pendency of the litigation. *See The Cmty. Hosp. Grp., Inc. v. More*, 183 N.J. 36, 41 (2005) (finding, under the plaintiff's interpretation of the non-compete period, the period had run and no extension was appropriate); *Vanguard Dealer Servs., LLC v. Scarano*, No. A-2306-08T1, 2010 WL 3419256, at *7 (N.J. Super. Ct. App. Div. Aug. 24, 2010) (finding trial court's refusal to extend a restrictive covenant appropriate).

### III. ANALYSIS

Although the parties argue for somewhat nuanced interpretation of restrictive covenant and the applicability of equitable tolling to such covenants, at this juncture the Court, even assuming the covenants and tolling provisions are enforceable, need only look to the contractual language and timeline of alleged violations to find that ADP's enforceable interest has expired.

First, and as noted above, ADP concedes in its brief that the preliminary injunction should no longer continue against Defendant Lynch because over a year has passed since Lynch left ADP and Lynch never violated the preliminary injunction. The Court agrees and **LIFTS** the preliminary injunction **AS TO DEFENDANT LYNCH.**

Second, the parties disagree whether the preliminary injunction should be lifted as to Defendant Halpin. As the parties are aware, this case alleges that Defendants breached certain restrictive covenants contained in several employment agreements. Halpin left ADP on December 23, 2015, and began work at ADP's competitor, Ultimate, a few days thereafter. Based on the record before the Court, from January 2016 to June 2017, Defendant Halpin solicited several ADP clients.

On June 30, 2016, the Court entered a preliminary injunction enforcing in part the restrictive covenants found in the employment agreements. The restrictive covenants are contractually limited to one year, subject to tolling. Specifically, the Court enjoined Defendants from (1) using or disclosing any of ADP's proprietary information; (2) soliciting ADP's current clients, vendors, employees, or partners; (3) soliciting ADP's prospective clients but only to the extent that Defendants gained knowledge of those prospective clients through their employment with ADP. ECF No. [31]. The Court specifically declined to enjoin Defendant's employment at Ultimate. *Id.* Upon ADP's motion, the Court found in April 2018 that some of Halpin's contacts with ADP clients from July 2016 to June 2017 violated the preliminary injunction. ECF No. [133].

ADP argues that the injunction should continue and that the Court should sanction Halpin for his contact with an ADP client in October 2018. The Court addresses each argument in turn.

The agreements in question contain a tolling provision which states:

> **12. Tolling.** The restricted time periods in paragraphs three (3) through six (6) above shall be tolled during any time period that I am in violation of such covenants, as determined by a court of competition jurisdiction, so that ADP may realize the full benefit of its bargain. *This tolling shall include any time period during which litigation is pending, but during which I have continued to violate such protective covenants and a court has declined to enjoin such conduct or I have failed to comply with any such injunction.*

*See* ECF No. [168] at 3-4 (emphasis added).

First, ADP argues that Halpin has continued to violate the preliminary injunction and/or the restrictive covenants by working at Ultimate, thereby tolling any one-year

4

period. The Court finds this argument unavailing. Both Defendants Lynch and Halpin have worked at Ultimate since 2016, and ADP states that "ADP is not aware of any conduct [by Lynch] that violates the Preliminary Injunction since it was issued on June 30, 2016." ECF No. [168] at 1. ADP concedes that the one-year restrictive covenant is not tolled as to Lynch based on solely his work for Ultimate, and the Court finds that the same reasoning applies to Defendant Halpin. Moreover, the Court never enjoined either Defendant from working at Ultimate, and Halpin's continued employment there—without more—does not violate the preliminary injunction nor trigger the tolling provision.

As to Halpin's solicitation of ADP clients from January 2016 to June 2017, even if the Court were to ultimately find that the covenants and their tolling provisions are enforceable, the Court reads the tolling provision to not toll indefinitely the one year period during all litigation, but rather, to toll the one year period "during any time period that [Halpin] is in violation of such covenants as determined by a court of competent jurisdiction" and the "court of competent jurisdiction" makes a finding that he is in violation but declines to enjoin such conduct or does in fact enjoin such conduct. While the Court did sanction Halpin for conduct which occurred, at the latest, in June 2017, there is no evidence in the record that Halpin solicited any ADP clients between July 1, 2017 and October 17, 2018, a period of more than one year. Accordingly, ADP has received the benefit of its bargain as to the one-year restrictive covenants and there is nothing left for the Court to enforce or enjoin. The Court therefore **LIFTS** the preliminary injunction **AS TO DEFENDANT HALPIN.**

Finally, Plaintiff's motion for sanctions must be **DENIED**. Even with the benefit of tolling, the conduct complained of by ADP occurred after the one-year period expired. ADP has no enforceable right under the restrictive covenants for conduct occurring after its expiration, and the Court declines to impose sanctions for an alleged violation after such expiration.

IV. CONCLUSION

For the reasons set forth above, the preliminary injunction is **LIFTED** and Plaintiff's motion for sanctions is **DENIED**. An appropriate order follows.

Dated: April 2, 2019

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

5